IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

V.                              NO. 5:07-50037

RONALD ANTONIO MOOREHEAD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On March 2, 2010, Defendant, Ronald Antonio Moorehead, filed a Motion to Impose a Sentence Sufficient but not Greater than Necessary Pursuant to 18 U.S.C. § 3553(a) (Doc. #77), and Motion for Court to Adopt a 1 to 1 Crack/Powder Ratio in Defendant's Case (Doc. #78). On August 17, 2010, United States District Judge Jimm Larry Hendren referred both motions to the undersigned. (Doc. #79). The Government filed a Response (Doc. #81), the Defendant filed a Reply (Doc.#82), and the matters are now ripe.

On March 20, 2008, Judge Hendren entered a Judgment & Commitment against Defendant, sentencing him to 262 months in prison; five years supervised release; $100.00 Special Assessment; $10,000 fine; and permanent denial of federal benefits. (Doc. #58). On March 28, 2008, Defendant filed a Notice of Appeal of his Judgment & Commitment to the Eighth Circuit Court of Appeals, wherein he appealed his sentence and challenged Judge Hendren's application of the sentencing guidelines. (Doc. #59 at p. 2). In his appeal seeking reversal, Defendant argued that the district court misapprehended its authority to sentence him below the recommended Sentencing Guidelines range. United States v. Moorehead, No. 08-1765, 2009 WL 1977747 (8th Cir. July 10, 2009). The Eighth Circuit affirmed the district court, stating, in pertinent part:

-1-

> The [district] court stated that, although the Guidelines range was advisory, it needed persuasive reasons to find that a correctly calculated career-offender Guidelines range was inappropriate and unreasonable, and the court disagreed with Moorehead that there was any basis for the requested variance. The court sentenced Moorehead at the bottom of the range to 262 months in prison and 5 years of supervised release, finding that this sentence was sufficient but not greater than necessary to comply with the 18 U.S.C. § 3553(a) factors, and stating that it had tried to fashion a sentence that would avoid unwarranted sentencing disparities and that was reasonable and fair under section 3553(a). The court expressed hope that the time in prison might allow Moorehead to distance himself from drug activities and further his education.
>
> Having reviewed the court's remarks at sentencing as a whole, we conclude that the court recognized its discretion to vary from the Guidelines range but simply was unable to find that the reasons presented to it in support of the variance were sufficiently compelling.

Id. at *1.

In his motion now before the Court, Defendant asks the Court to "remand him to Court, and impose a sentence upon him that is sufficient but not greater than necessary to comply with the seven [7] sentencing factors listed in 18 U.S.C. § 3553(a)." (Doc. #77). Defendant's argument for re-sentencing has already been raised on appeal and rejected by the Eighth Circuit, and cannot now be the basis for what is essentially a claim pursuant to 28 U.S.C. § 2255. United States v. Kraemer, 810 F.2d 173, 177 (8th Cir. 1987); United States v. Gaus, 751 F.2d 1506, 1507 (8th Cir. 1985).

Defendant's reliance upon Spears v. United States, 129 S.Ct. 840 (2009), in support of his position for a reduction in sentence is misplaced. As stated by the Government, Spears does not provide a basis for reducing the Defendant's sentence, but rather deals with the district court's authority to vary from the advisory sentencing guidelines in imposing the original sentence.

In his Reply to the Government's Response, Defendant cites the Fair Sentencing Act of

2010 and seeks a sentence reduction pursuant to Fed.R.Civ.P. 60(b)(5).[1]  Defendant argues that his sentence "was originally based on the now deemed draconian 100 to 1 crack/powder cocaine ratio" and "[b]ecause of the significant change in law, 'applying [the "earlier judgment"] prospectively is no longer equitable." (Doc. #82 at pgs. 2-3). Defendant's argument is without merit, as the Fair Sentencing Act of 2010 has been held not to be retroactive.  See United States v. Brown, No. 10-1791, 2010 WL 3958760, *1 (8th Cir. Oct. 12, 2010).

For the foregoing reasons, the Court recommends that Defendant's Motion pursuant to 18 U.S.C. § 3553(a) (Doc. #77) should be DENIED;  Defendant's Motion for Court to Adopt 1 to 1 Crack/Powder Ratio (Doc. #78) should be DENIED.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 3rd day of November, 2010.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[1] **Fed.R.Civ.P. 60(b)(5)** provides:
**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
  **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; ...

AO72A (Rev. 8/82)