IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                    CRIMINAL NO. 07-50037-002

RONALD ANTONIO MOOREHEAD                                                     DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is Defendant's pro se **Motion for Corrected Judgment and Commitment (Doc. 139)**.

Defendant pled guilty in this Court to possession with intent to distribute more than 50 grams of crack cocaine and he is currently serving a sentence of 188 months imprisonment in the Texarkana, Texas Federal Correctional Institution. In the motion currently before the Court, Defendant requests the Court to issue a corrected judgment and commitment order, reflecting that he is entitled to 384 days jail credit for time he spent in custody in the Washington County Jail from February 9, 2007 to July 1, 2008. Defendant states that his Sentence Monitoring Computation Data sheet incorrectly reflects only 27 days credit toward his federal sentence.

A request for credit for prior custody must be made, in the first instance, through the Bureau of Prisons ("BOP"). Administrative procedures exist within the BOP to review the Bureau's failure to credit the time a Defendant has served. Once the Defendant has exhausted his administrative remedies, he may then seek judicial review of any jail-time credit determination by the BOP by filing a habeas petition under 28 U.S.C. § 2241 in either the district where he is confined (the Eastern District of Texas), in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office. See United

States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004); United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000).

Based on the foregoing, the undersigned recommends denying Defendant's **Motion for Corrected Judgment and Commitment (Doc. 139)** without prejudice to Defendant filing a § 2241 petition in the appropriate district after he has exhausted the BOP administrative remedies.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 25th day of September, 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)